## BARSTOW *v.* SPRAGUE.

Actual possession alone is sufficient to enable the possessor to maintain trespass *quare clausum* against one who subsequently enters without title, or authority from one who has title.

By the statute of this State, the probate of a will is conclusive as to its execution, as relates to both real and personal estate; but no will is effectual to pass the title to either, unless it has been duly proved and allowed in some probate court of the State, or something equivalent to such approval and allowance has taken place.

To make a copy of a foreign will and its probate, competent evidence of title to real estate here, the will must have been proved before some probate court in the State, or a duly authenticated copy of the will and its probate elsewhere must have been filed and recorded in some probate office here, upon application in writing for that purpose, after due notice, pursuant to a decree of the judge of probate to that effect.

The court, against the objection of either or both parties, may properly instruct a jury to return, together with a general verdict, answers to specific questions submitted to them.

TRESPASS *quare clausum,* and for carrying away the plaintiff's grass and tearing down her fence, &c.

It appeared that the plaintiff, Frances P. Barstow, and the · defendant, John H. Sprague, were in possession of adjoining farms in Claremont, and that the line between them was in dispute.   The plaintiff, in her declaration, described as her close the homestead farm of one Henry Barstow, who had formerly lived thereon, but who had subsequently removed to Lowell, Mass., where he died in 1849, leaving this plaintiff his widow, and

some children.    The plaintiff also described the line between her and the  defendant, to which she claimed, as a certain fence which was standing there in 1855, and for many years previous thereto.   The defendant claimed to a line which would cut off a strip of land that the plaintiff claimed, and the trespass complained of was for acts done upon this strip of land between these two lines, and it was proved that the defendant committed the acts complained of, upon this piece of land, in the season of 1858, by taking down portions of this fence, which the plaintiff claimed as the true line, and cutting and carrying away the grass growing upon this strip of land, thus in dispute.

To prove title to said close in herself, the plaintiff introduced several deeds from James Alden and others, to one Reuben Pattee, all dated in 1778, and conveying the farm in the plaintiff's possession, and then through several conveyances, traced title down to her late husband, the said Henry Barstow, and then offered a copy of the last will and testament of said Henry Barstow, duly authenticated from the probate office of the county of Middlesex, Mass., where it appeared by said copy that the will had been duly proved, approved and allowed, by which will said farm was devised to the plaintiff ; and also offered a copy of said will and of the  probate thereof in Massachusetts, from the office of the court of probate for said Sullivan county, but without showing any decree of the judge of probate for said county, allowing the same to be thus filed and recorded; to both of which copies the defendant objected, but the court admitted them.

The plaintiff then showed, that, soon after her said husband's death, she moved upon this farm, and had occupied it and carried it on ever since, and there was no evidence that she had ever had her dower assigned her, in any part of it, and she claimed that she was not only entitled to hold to the fence, to which she claimed by virtue of the

deeds and will aforesaid, but she claimed also, and offered evidence tending to show, that she had for many years been in undisturbed possession of the piece of land in dispute, up to the time of the acts of the defendant complained of, in 1858, and that the defendant had no title to the piece of land in dispute, by deed, and that he never was in possession of it prior to said alleged trespass. The defendant traced his title to his farm through several deeds and generations of the Spragues, to one Samuel Ashley, and claimed that he was not only entitled to the piece of land in dispute by virtue of his deeds, but also that he had been in possession of the same for many years, and performed various acts of ownership thereon, prior to 1858, and introduced evidence tending to prove these facts.

The court, at the request of the plaintiff—the defendant not assenting thereto—proposed certain questions for the jury to answer; and the jury, besides returning a general verdict for the plaintiff, found the following special verdict, in reply to the questions proposed by the court, viz. : That the plaintiff was in possession of the premises, up to the fence she now claims to, prior to and at the time of the alleged trespass, and that the defendant had neither possession or title therein, or to any part thereof, prior to said trespass.

The defendant having excepted to the ruling of the court admitting said copies of said will, moved the court to set the verdict aside, and for a new trial.

*E. L. Cushing,* for the defendant.

1. The will of Henry Barstow was of no effect to convey any title to the plaintiff, until it had been the subject of a proper decree in the court of probate in this State.   Comp. Stat.

2. The question of Sprague's title depended upon the effect of the paper title of Mrs. Barstow, and her title depended on the will which had not been proved.

Barstow *v.* Sprague.

*A. F. Snow*, for the plaintiff.

1. The copy from the office of the court of probate for Sullivan county was admissible; as a proper decree, allowing the same to be filed and recorded, was to be presumed until the contrary was shown.

2. The copy from the office of the probate court for Middlesex county, Massachusetts, was also admissible. In a case like this, under the Constitution of the United States, full effect must be given to the probate of a will in another State.

3. Both copies were immaterial evidence. The case finds that the plaintiff was in possession, and that the defendant had neither title nor possession.

FOWLER, J. The gist of the action of trespass *quare clausum* is the disturbance of the possession, and actual possession, though only mere prior possession, is sufficient to enable the possessor to maintain it against one who subsequently enters without title, or authority from one who has title. The jury found that the plaintiff, prior to and at the time of the alleged trespass, had been and was in possession of the *locus in quo*, and that the defendant had neither possession nor title therein. This finding, therefore, was entirely conclusive upon the plaintiff's right to maintain the action, without regard to the question of her title to the premises in dispute between the parties. *Anderson* v. *Nesmith*, 7 N. H. 167; *Sinclair* v. *Tarbox*, 2 N. H. 135; *Wendell* v. *Blanchard*, 2 N. H. 456; *Moor* v. *Campbell*, 15 N. H. 208; *Chandler* v. *Walker*, 21 N. H. 282; *Brown* v. *Manter*, 22 N. H. 468; *Berry* v. *Garland*, 26 N. H. 473; *Albin* v. *Lord*, 39 N. H. 196.

The question, raised upon the admission of the copies of the will of Henry Barstow, is, therefore, entirely immaterial, so far as the present verdict is concerned, and only important as a matter of practice.

At common law, the probate of a will in the ecclesiasti-

cal courts was conclusive as to its execution only so far as
related to personal property. By our statute, it is conclu-
sive as to both real and personal estate, and may be proved
by an authenticated copy of the will and probate. But
no will is effectual to pass either real or personal estate
here, unless it has been duly proved and allowed in a
probate court of this State, or something equivalent to
such approval and allowance has taken place. Rev. Stat.
157 ; Comp. Laws 402 ; *Strong* v. *Perkins*, 3 N. H. 517 ;
*Poplin* v. *Hawke*, 8 N. H. 124 ; *Noyes* v. *Barber*, 4 N. H.
406 ; *Farnsworth* v. *Briggs*, 6 N. H. 561.

It was clearly competent for the legislature to provide
that property here, real or personal, should not pass by
any will unless proved here. In relation to all property
within their territorial jurisdiction, the sovereignty of the
State legislature is indisputable; and, by the well recog-
nized principles of the laws of all nations, real property
can pass only according to the provisions of the local laws
of the country in which it is situate. *Eyre* v. *Storer*, 37
N. H. 114, and authorities cited.

By the 13th section of the 157th chapter of the Revised
Statutes [Comp. Laws 403], it is provided that a duly
authenticated copy of any will, executed with the formali-
ties required by the laws of this State, which has been
proved and allowed in a court of probate in any of the
United States, or in any foreign country, pursuant to the
laws thereof, and a copy of the probate of such will, may,
by a decree of the judge, be filed and recorded in a
probate office here, and such decree shall have the same
effect as the probate of such will in this State would
have had.

The 14th section of the same chapter requires the judge
of probate of any county in which there may be estate on
which the will may operate, to decree that such copies be
filed and recorded, whenever they shall be produced to
him by the executor, or any person interested, accompa-

nied by a written request that they may be so filed and recorded, if, upon due notice, no sufficient objection shall be made.

In order, then, that a copy of a foreign will and its probate should be competent evidence to show title in the devisee to land devised therein, situate in this State, it must appear that the will was proved in this State, or that a duly authenticated copy of the will and its probate elsewhere were filed and recorded in some probate office in this State, pursuant to a decree of the judge of probate to that effect, after due notice, upon application in writing for that purpose.

Neither of the copies, offered by the plaintiff and received by the court in the present case against the defendant's objection, were competent within this rule. It was not shown by either of them that the will had been proved in this State, or that copies of the will and its probate in Massachusetts had ever been filed and recorded in any probate office here, pursuant to a decree of the judge of probate, upon written application therefor, and after due notice. No such decree could be presumed. The plaintiff was bound to show a strict compliance with the requisitions of the statute. The copies were not, therefore, admissible to show title in the plaintiff to the place of the trespass. But, as we cannot perceive that they were calculated to have any sort of bearing or influence, prejudicial to the defendant, upon the question of actual occupation and possession of the place of the trespass at the time of its commission and prior thereto, their improper admission furnishes no sufficient ground for setting aside the verdict, which is a necessary conclusion of law from the finding of the jury upon that question. *Clement* v. *Brooks*, 13 N. H. 92 ; *Winkley* v. *Foye*, 28 N. H. 519; *Litchfield* v. *Londonderry*, 39 N. H. 247, and authorities.

It was proper for the judge who tried the cause to direct the jury, against the objection of the defendant, to

Barstow *v.* Sprague.

return, with a general verdict, answers to specific questions submitted to them. It might have been done against the objection of both parties, and no better illustration of the advantages of the practice in this respect could perhaps be suggested, than is furnished by the present case. But for it, the present verdict must have been set aside, and the parties subjected to the expense and inconvenience of a new trial. *Johnson* v. *Haverhill,* 35 N. H. 74, and authorities.

The exceptions taken to the proceedings of the court below, being overruled, there must be

*Judgment on the verdict.*